Per Curiam•
There is no doubt but a man may, where he has a double remedy, pursue either or both at the same time, but he can have but one satisfaction. The person of a debtor is the highest satisfaction a creditor can have in law. When a plaintiff once takes out his ca. sa. and imprh sons the defendant, it is a satisfaction of the debt, and discharges his bail. Hence the privilege which the bail have of surrendering up the defendant in their own discharge.
The case of Porteous v. Snipes, quoted, was strong in point. There the plaintiff had his judgment against Washington, who went into equity, and obtained an injunction. Snipes was Washington's security on the injunction bond. Upon the hearing of the cause, the bill was dismissed, and the injunction dissolved. The plaintiff Porteous, then had his choice of two remedies ; either to take out his execution against the defendant Washington, or against Snipes, on the injunction bond, who became liable on the dissolu.ion of the injunction. He accordingly made his election, and took out *210 Z ecu sa. against the defendant, who died in gaol. Aftetv wards he brought a suit against Snipes on the bond ; the satisfaction on the part of Washington was pleaded in bar to. the action, and the court sustained the plea, on the ground that the taking out the ca. sa. and imprisoning the defendant, was the highest satisfaction known in law.
Let the judgment and proceedings be set asides,
Present, Bubke, Grih^e and B/iv,